# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

360 DEGREE EDUCATION, LLC,
d/b/a Cortiva Institute
(a Texas corporation);

and

THE COALITION FOR CAREER SCHOOLS,
(an unincorporated association),

        Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
EDUCATION;

and

MIGUEL CARDONA, in his official capacity as
Secretary of Education,

        Defendants.

Case No. 4:24-cv-00508-P

**Declaration of Farnaz F. Thompson**

## DECLARATION OF FARNAZ F. THOMPSON

    I, Farnaz Farkish Thompson, do declare under penalty of perjury and pursuant to 28 U.S.C. § 1746, that the following is true and accurate to the best of my information and belief:

1. Exhibit A is a true and accurate copy of my e-mail, dated June 14, 2024, to Doug Jennings, General Counsel, Texas Department of Licensing and Regulation ("TDLR"), and Lorraine Soufre, Accreditation and Certification Specialist, Education and Examination Division, TDLR.

1

2. Exhibit B is a true and accurate copy of Mr. Jennings' email, dated June 14, 2024, responding to my email and clearly stating that "TDLR does not prohibit a massage school from providing a program in excess of 500 hours."

3. The Coalition for Career Schools Association ("Coalition") is a Texas unincorporated nonprofit association under Chapter 252 or Title 6 of the Texas Business Organizations Code.

4. Exhibit C is a true and accurate copy of the Charter for the Coalition.

5. This Coalition was formed "to provide a forum for career schools impacted by the United States Department of Education's new Program Length Rule (set forth in 34 CFR 668.14(b)(26), formerly known as the 150% Rule) and their corporate partners who wish to support the Association's participation in litigation in opposition to the Program Length Rule." Ex. B.

6. The Coalition has over 185 members, and the majority of its members are career schools.

7. Bellus Academy and Cortiva are members of this Coalition.

Per 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 14th day of June, 2024.

_____
Farnaz F. Thompson

| | |
|---|---|
| **From:** | Thompson, Farnaz Farkish |
| **To:** | "Lorraine.Sroufe@tdlr.texas.gov" |
| **Cc:** | "Doug.Jennings@tdlr.texas.gov"; Moran, John S. |
| **Subject:** | Clarification Regarding Program Length for Professional Massage Therapy Programs |
| **Date:** | Friday, June 14, 2024 4:31:46 PM |
| **Attachments:** | TDLR Student Notification Form Re Educational Program Exceeding 500 Hours.pdf |
| **Importance:** | High |

Lorraine,

I hope you are doing well.  I would like to confirm that the Texas Department of Licensing and Regulation (TDLR) requires a massage school to provide a "minimum 500-hour supervised course of instruction," under 16 Tex. Admin. Code 117.59(a).  The TDLR does not prohibit a massage school from providing a program that is in excess of 500 hours as long as the massage school provides the attached TDLR student notification form that the approved massage therapy program exceeds the minimum number of hours require by law for licensure as a massage therapist in Texas.

If you do not mind, I would really appreciate a short email confirming that my understanding is correct.  If you would like to discuss this question, please feel free to call me at 703-798-0182.

I hope you have a good weekend.

Thank you,
Farnaz


**Farnaz F. Thompson** 

Partner
McGuireWoods LLP
T:   +1 202 857 2488 | M: +1 703 798 0182
fthompson@mcguirewoods.com




## Student Notification Form
### Required for enrollment in a massage therapy educational program exceeding 500 hours

This form has been designed by the Texas Department of Licensing and Regulation (TDLR) to provide you, the student, with notice that this approved massage therapy educational program exceeds the minimum number of hours required by law for licensure as a Massage Therapist in Texas.

_____ Cortiva Institute - Professional Massage Therapy Program _____

A licensed massage school is required to offer you the choice to enroll in a minimum 500 hour massage therapy educational program. If you voluntarily choose to enroll in this program, you will be required to complete more hours in one or more subject areas than the minimum number of hours required to obtain a license in Texas in order to graduate.

**You should review the educational opportunities provided by this approved program carefully before enrolling.**

The school may benefit financially by enrolling you in this longer program, either by collecting additional tuition or fees, and/or by receiving compensation from clients for any additional internship massages or other massage therapy services you agree to perform while enrolled in an internship which exceeds the 50 hour minimum required for licensure. However, you may benefit from the opportunity to complete additional hours of training in core subjects, expanded subject areas or a range of modalities, and/or through additional supervised practice providing massage therapy or other massage services to the public during an extended internship.

| Subject Area | Number of Hours Required for Licensure in Texas | Number of Hours Required by This Program |
|---|---|---|
| Massage therapy techniques (may include Swedish) and theory and the practice of manipulation of soft tissue | 75 | **125** |
| Swedish massage therapy techniques | 125 | **125** |
| Anatomy | 50 | **60** |
| Physiology | 25 | **30** |
| Kinesiology | 50 | **50** |
| Pathology | 40 | **40** |
| Hydrotherapy | 20 | **20** |
| Massage therapy laws and rules, business practices and professional ethics | 45 | **45** |
| Health, hygiene, first aid, universal precautions, and cardiopulmonary resuscitation (CPR) | 20 | **20** |
| Internship | 50 | **85** |
| Total Number of Hours | 500 | **600** |
| Total Cost of Program | $ | $ **$13,939.00** |

If you fail to complete the program and request a partial refund and/or partial transcript, the massage school will utilize the total number of hours for the program in which you have enrolled, not the 500 hour minimum, to meet the requirements in the rules regarding refunds and transcripts (16 Texas Administrative Code §117.66). By signing this form, you agree that:
1. You have voluntarily chosen to enroll in a program which exceeds the minimum number of hours required for licensure as a massage therapist in Texas;
2. You have a complete understanding of the information provided in this form; and
3. You have read and understand the laws and rules associated with the Massage Therapy Program.

_____        _____
          (Signature of Student)                                              (Date)

_____
       (Printed Name of Student)

| | |
|---|---|
| **From:** | Doug Jennings |
| **To:** | Thompson, Farnaz Farkish; Lorraine Sroufe |
| **Cc:** | Moran, John S. |
| **Subject:** | RE: [ External Email ] Clarification Regarding Program Length for Professional Massage Therapy Programs |
| **Date:** | Friday, June 14, 2024 6:20:29 PM |

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Good afternoon, Ms. Thompson. I have spoken with our team and have confirmed that TDLR does not prohibit a massage school from providing a program in excess of 500 hours. As you noted, a school offering such a program must obtain a signed "massage student acknowledgement" (TDLR form # MAS123N) from the student.

Thanks,
-Doug Jennings


**Doug Jennings**
General Counsel
Texas Department of Licensing and Regulation
doug.jennings@tdlr.texas.gov
(512) 638-5600

---

**From:** Thompson, Farnaz Farkish <FThompson@mcguirewoods.com>
**Sent:** Friday, June 14, 2024 3:32 PM
**To:** Lorraine Sroufe <Lorraine.Sroufe@tdlr.texas.gov>
**Cc:** Doug Jennings <Doug.Jennings@tdlr.texas.gov>; Moran, John S. <JMoran@mcguirewoods.com>
**Subject:** [ External Email ] Clarification Regarding Program Length for Professional Massage Therapy Programs
**Importance:** High

**CAUTION:** This email originated from outside of the organization! Do not click links, open attachments or reply, unless you recognize the sender's email address and know the content is safe!

Lorraine,

I hope you are doing well.  I would like to confirm that the Texas Department of Licensing and Regulation (TDLR) requires a massage school to provide a "minimum 500-hour supervised course of

instruction," under 16 Tex. Admin. Code 117.59(a).  The TDLR does not prohibit a massage school from providing a program that is in excess of 500 hours as long as the massage school provides the attached TDLR student notification form that the approved massage therapy program exceeds the minimum number of hours require by law for licensure as a massage therapist in Texas.

If you do not mind, I would really appreciate a short email confirming that my understanding is correct.  If you would like to discuss this question, please feel free to call me at 703-798-0182.

I hope you have a good weekend.

Thank you,
Farnaz

**Farnaz F. Thompson**
Partner
McGuireWoods LLP
T:   +1 202 857 2488 | M: +1 703 798 0182
fthompson@mcguirewoods.com

*This e-mail from McGuireWoods may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

# CHARTER AND BYLAWS
# OF
# THE COALITION FOR CAREER SCHOOLS

## ARTICLE I
## ESTABLISHMENT AND NAME

There is hereby an association to be known as The Coalition for Career Schools (the "Association").  The Association is established as a Texas unincorporated nonprofit association under Chapter 252 or Title 6 of the Texas Business Organizations Code.

## ARTICLE II
## PURPOSE

The purpose of the Association is to provide a forum for career schools impacted by the United States Department of Education's new Program Length Rule (set forth in 34 CFR 668.14(b)(26), formerly known as the 150% Rule) and their corporate partners who wish to support the Association's participation in litigation in opposition to the Program Length Rule.

## ARTICLE III
## MEMBERSHIP

3.1     Criteria for Membership.  The Members of the Association shall be those career schools and any companies that conduct business with career schools that support the purpose of the Association as set forth in Article II either financially through support of a legal fund or otherwise.

3.2     Classes of Members.  There shall be two classes of members: the Voting Members and the Nonvoting Members.  The Voting Members shall be Bellus Academy and Cortiva Institute.  Persons may become Nonvoting Members upon selection for membership by the Board of Directors.

3.3     Rights and Privileges of Members.  Voting Members shall have the right to vote on the election of directors and shall have the right to vote on any amendment or restatement of this Charter and Bylaws.  All other voting rights and powers shall be exercised by the Board of Directors.  Nonvoting Members shall have no voting rights on any matter pertaining to the Association.

3.4     Termination of Membership.  Membership in the Association may be terminated by any member upon notice in writing to the Board of Directors.

3.5     Action by Consent of Voting Members.  Action required or permitted to be taken by the Voting Members shall be taken without a meeting upon the written consent of both Voting Members.  The action shall be evidenced by one or more written consents stating the action taken, signed on behalf of each Voting Member and filed with the Association's records reflecting the

action taken. Action taken under this section shall be effective when the last Voting Member signs the consent unless the consent specifies a different effective date and states the date of execution by each Voting Member, in which event it shall be effective according to the terms of the consent.

## ARTICLE IV
## DIRECTORS

4.1   General Powers.  The Association shall have a Board of Directors.  All corporate powers shall be exercised by or under the authority of, and the business and affairs of the Association managed under the direction of, its Board of Directors, subject to any limitation set forth in this Charter and Bylaws.

4.2   Number.  The number of directors of the Association shall be two (2).  The number of directors may be increased or decreased from time to time by the Board of Directors.

4.3   Appointment and Term.  Additional or successor directors shall be appointed or elected in the manner and for the term set forth in section 3.3 of this Charter and Bylaws.

4.4   Meetings.  The Board of Directors may hold regular or special meetings at such place, either within or without the State of Texas, as may be provided in the notice of the meeting and approved by the Board of Directors.  If no such place is designated in the notice of a meeting, it shall be held telephonically.

4.5   Notice of Meetings.  Notice of meetings of the Board of Directors shall be given to each director not less than twenty-four (24) hours before the meeting, by delivering the same to such director in person or to such director's residence or business address (or such other place as such director may have directed in writing) by mail, messenger, electronic mail, telecopier, or other means of written communication or by telephoning such notice to the director.  Any such notice shall set forth the time and place of the meeting.

4.6   Waiver of Notice.  A director may waive any notice required by law or this Charter and Bylaws before or after the date and time stated in the notice, and such waiver shall be equivalent to the giving of such notice.  Except as provided in the next paragraph of this section, the waiver shall be in writing, signed by the director entitled to the notice, and filed with the minutes or corporate records.

A director's attendance at or participation in a meeting waives any required notice to the director of the meeting unless the director at the beginning of the meeting or promptly upon arrival objects to holding the meeting or transacting business at the meeting and does not thereafter vote for or assent to action taken at the meeting.

4.7   Quorum; Voting.  A majority of the number of directors then serving shall constitute a quorum for the transaction of business at a meeting of the Board of Directors.  The act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.  A director who is present at a meeting of the Board of Directors or a committee of the Board of Directors when corporate action is taken is deemed to have assented to

the action taken unless the director (i) objects at the beginning of the meeting, or promptly upon arrival, to holding it or transacting specified business at the meeting; or (ii) votes against, or abstains from, the action taken.

    4.8    Telephonic Meetings.  The Board of Directors may permit any or all directors to participate in a regular or special meeting by, or conduct the meeting through the use of, any means of communication by which all directors participating may simultaneously hear each other during the meeting.  A director participating in a meeting by this means is deemed to be present in person at the meeting.

    4.9    Action Without Meeting.  Action required or permitted to be taken at a Board of Directors' meeting may be taken without a meeting if the action is taken by all members of the Board.  The action shall be evidenced by one or more written consents stating the action taken, signed by each director either before or after the action is taken, and included in the minutes or filed with the corporate records reflecting the action taken.  Action taken under this section shall be effective when the last director signs the consent unless the consent specifies a different effective date and states the date of execution by each director, in which event it shall be effective according to the terms of the consent.

## ARTICLE V
## OFFICERS

    5.1    Officers.  The officers of the Association shall be a President and a Secretary.

    5.2    Election; Term.  Officers shall be elected by the Board of Directors.  They shall hold office, unless removed, until their successors are elected.  Any officer may resign at any time upon written notice to the Board of Directors, and no acceptance of a resignation shall be necessary to make it effective.

    5.3    Duties of Officers.  The President shall be the Chief Executive Officer of the Association.  The President and the Secretary of the Association shall have such powers and duties as generally pertain to their respective offices as well as such powers and duties as may be delegated to them from time to time by the Board of Directors.

## ARTICLE VI
## AMENDMENTS

    The Charter and Bylaws may be amended by the vote of the Voting Members as provided in Article III of this Charter and Bylaws.