IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| 360 DEGREE EDUCATION, LLC *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> *Defendants*. | No. 4:24-cv-00508-P |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of June 24, 2026, the parties set forth below their position regarding what further supplementation the administrative record requires, along with the anticipated timeframe for such supplementation.

The parties agree that the Department should prepare a complete administrative record before summary judgment briefing. Plaintiffs raise claims under the Administrative Procedure Act, 5 U.S.C. § 706, including claims that the regulatory provision they challenge is arbitrary and capricious and is not a logical outgrowth of the Department's proposed rule. Review of the agency's decision requires consideration of whether "the evidence in the administrative record permitted the agency to make the decision it did." *Mock v. Garland*, No. 4:23-cv-00095-O, 2024 WL 2982056, at *2 (N.D. Tex. June 13, 2024) (internal quotation omitted). The case presents "a question of law," with the district court "sitting as an appellate tribunal," precisely because of this dependence on the administrative record. *See id.*; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) ("The task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706, to the agency decision based on the record the agency presents to the

reviewing court."). Until the agency compiles the administrative record, neither party can access the full scope of materials the agency considered, nor can the Court properly assess the validity of the final decision.

The administrative record in this case will be voluminous because it encompasses negotiated rulemaking proceedings (a process that the Department is statutorily obligated to follow in advance of notice-and-comment rulemaking) as well as notice and comment proceedings that begin with a proposed rule covering a broad array of topics.[1] However, the agency has already compiled portions of the record in connection with other cases. The agency estimates that it can complete the process of compiling the administrative record within thirty days. Plaintiffs are not in a position to evaluate Defendants' estimate of the time necessary to compile the administrative record but believe that thirty days is a reasonable timeframe.

In further connection to the appropriate timeframe, Defendants' deadline to respond to the complaint is August 5, 2024. Fed. R. Civ. P. 12(a)(2). Defendants do not waive their right to assert any defense under Rule 12(b) as may be appropriate. Because the defenses available under Rule 12(b) present significant threshold issues, including whether the Court has jurisdiction over the case, or whether venue is proper, any further proceedings on the merits should be deferred until the Court resolves any such motion. Doing so will also promote judicial economy by preventing expenditure of both the Court's and parties' resources on potentially unnecessary proceedings. Defendants propose that, if Defendants determine before the August 5, 2024 deadline that they

---

[1] In cases with a voluminous administrative record, parties can agree to procedures that significantly reduce the burden on a court. For example, although a courtesy copy of the full administrative record would likely be provided to the Court on a thumb drive, the parties can agree to submit either separate or joint appendices containing the material in the record that they have identified as appropriate for the Court to consider in connection with their arguments. The parties will confer regarding such measures in any further discussion regarding a summary judgment briefing schedule.

will not file a motion under Rule 12(b), they will confer with Plaintiffs at that time in order to propose a schedule for further proceedings in this case. Defendants are willing to proceed with the internal process of preparing the administrative record while any consideration under Rule 12(b) takes place so that any further delay would be minimized, should proceedings on the merits ultimately be necessary. Plaintiffs agree that, under the Civil Rules, Defendants have 60 days from service to respond to the complaint but do not believe that there is any basis for a Rule 12(b) motion. Plaintiffs therefore do not believe that other proceedings, including the filing of cross motions for summary judgment, need to be deferred pending consideration of any such motion.

Given the parties' agreement that it would be reasonable to allow the Department 30 days to compile the administrative record, while it is not yet known what defenses Defendants may raise under Rule 12(b), the parties jointly propose that they will file a further joint status report on or before July 23, 2024 in order to update the Court of their positions regarding the timeframe for further proceedings at that time.

DATED:  June 26, 2024

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER (Utah Bar No. 9846)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendants*

/s/ Melissa Hensley
Melissa Hensley (Texas Bar No. 00792578)
Cory R. Ford (Texas Bar No. 24121098)
Michael C. Elliott (Texas Bar No. 24086913)
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, TX 75201
Telephone: (469) 372-3926
Facsimile: (214) 273-7475
cford@mcguirewoods.com
mhensley@mcguirewoods.com
melliott@mcguirewoods.com

Farnaz Farkish Thompson (D.C. Bar No. 1659285)*
John S. Moran (D.C. Bar No. 1014598)*
Jonathan Helwink (D.C. Bar No. 1754411)*
Stephen Tagert (Virginia Bar No. 99641)*
McGuireWoods LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 828-2817
Facsimile: (202) 828-3327
fthompson@mcguirewoods.com
jmoran@mcguirewoods.com
jhelwink@mcguirewoods.com
stagert@mcguirewoods.com

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*