UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**360 DEGREES EDUCATION, LLC,**
ET AL.,

   Plaintiffs,

v.                                                     **No. 4:24-cv-00508-P**

**U.S. DEPARTMENT OF EDUCATION,**
ET AL.,

   Defendants.

## ORDER

Before the Court is Defendants' Motion for Clarification of Preliminary Injunction. ECF No. 36. While the Motion is captioned to seek "clarification," it reads an awful lot like a Motion for Reconsideration. Indeed, the Motion essentially asks the Court to clarify that its June 21 Order "prohibit[s] enforcement of the 100% limit against Plaintiffs" but does not "apply nationwide." *See id.* at 1–2. The Court recognizes its obligation to clarify injunctions upon a party's request. *See, e.g.*, *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 586 (5th Cir. 2013). Thus, the Court **GRANTS** Defendants' requested clarification, but the Court **REJECTS** Defendants' interpretation of the June 21 injunction.

As the Court previously ordered, "enforcement and implementation of the Bare Minimum Rule, as described herein and contained in the Department of Education's October 31, 2023 Final Regulations, is hereby **ENJOINED** pending resolution of this lawsuit." ECF No. 30 at 15. This language seems to make clear that the Court limited its relief to the Bare Minimum Rule (rather than the entire Final Rule), but it did not limit relief to Plaintiffs. If the Court wanted to exempt Plaintiffs from allegedly invalid legal obligations imposed on everyone else, the Order would have said: "enforcement and implementation of the Bare Minimum Rule *against Plaintiffs,* as described herein and contained in

the Department of Education's October 31, 2023 Final Regulations, is hereby **ENJOINED** pending resolution of this lawsuit." *See id.* It did not. Indeed, such a remedy would be nonsensical given the nature of the Bare Minimum Rule as a uniform federal standard. *See Career Coll. & Schs. of Tex. v. U.S. Dep't of Educ.*, 98 F.4th 220, 255 (5th Cir. 2024) (noting "[t]he Department's protests against nationwide relief are incoherent in light of its use of the Rule to prescribe uniform federal standards").

The Court reiterates its desire for this case to progress to the merits quickly so the Preliminary Injunction lasts no longer than absolutely necessary for resolution of Plaintiff's claim. *See* ECF No. 34.

**SO ORDERED** on this **2nd day** of **July 2024.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE