UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| 360 DEGREE EDUCATION, LLC, d/b/a Cortiva Institute; and THE COALITION FOR CAREER SCHOOLS,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF EDUCATION; and SECRETARY MIGUEL A. CARDONA, in his official capacity as Secretary of the Department of Education,<br><br>　　　　　　　　　　Defendants. | Case No. 4:24-cv-00508-P |

**JOINT STATUS REPORT**

Pursuant to the Court's June 24, 2024 Order, ECF No. 35, Plaintiffs 360 Degree Education, LLC d/b/a Cortiva Institute, and the Coalition for Career Schools ("Plaintiffs") and Defendants Department of Education and Secretary Miguel A. Cardona, in his official capacity as Secretary of the Department of Education ("Defendants") submit this Joint Status Report:

1) On July 31, 2024, at 4 p.m. ET, counsel for Plaintiffs, Farnaz Thompson, and counsel for Defendants, Kathy Wyer, met in person at 888 16th Street, N.W., Washington, D.C. 20006. Counsel discussed the Administrative Procedure Act claims but were unable to reach a resolution or settlement of these claims.

2) As set forth in more detail in Plaintiffs' Complaint (ECF No. 1) and Motion and Brief in Support for a Temporary Restraining Order and Preliminary Injunction (ECF No. 5), Plaintiffs assert that Defendants exceeded their statutory authority in promulgating the

1

Bare Minimum Rule and that the Bare Minimum Rule is arbitrary and capricious and is not a logical outgrowth of the proposed rule.

Defendants assert as defenses to Plaintiffs' claims that (1) this Court lacks subject matter jurisdiction because Plaintiffs lack standing; (2) venue in this Division is improper; (3) arguments that were not raised during the notice and comment rulemaking process for the challenged provision, including Plaintiffs' "safe harbor" argument, are waived and cannot properly be considered by the Court; (4) the challenged provision falls within the Secretary's statutory authority and is neither arbitrary nor capricious; (5) Plaintiffs have failed to demonstrate a procedural error; and (6) Plaintiffs have failed to show that the procedural error they allege is not harmless.

3) The parties propose that the deadline to amend pleadings or join parties should be on or before September 30, 2024.

4) The parties propose that Defendants serve the administrative record on Plaintiffs by placing a thumb drive containing the administrative record in FedEx overnight delivery, with a courtesy copy to the Court, on or before either (1) August 16, 2024, or (2) five calendar days after the Court rules on the Defendants' Motion to Dismiss,

whichever is later.[1] Assuming that the Court adopts this deadline for the administrative record, the parties propose the following schedule[2]:

a. Plaintiffs shall file their Motion for Summary Judgment on or before September 30, 2024.

b. Defendants shall file their combined Cross-Motion for Summary Judgment and Brief in Opposition to Plaintiffs' Motion for Summary Judgment on or before October 25, 2024.

c. Plaintiffs shall file their combined Reply in Support of their Motion for Summary Judgment and Brief in Opposition to Defendants' Motion for Summary Judgment on or before November 22, 2024.

d. Defendants shall file their Reply Brief in Support of their Motion for Summary Judgment on or before December 9, 2024.

---

[1] As stated in the parties' Joint Status Report of June 26, 2024, the parties conferred regarding the best way to minimize burdens on the Court by providing relevant excerpts of the administrative record. The parties agreed that they will use the procedure for appendices identified in Local Rules and the Court's Order of June 28, 2024. Each party thus will include any relevant portions of the administrative record (other than portions available through legal citation such as citations to the Federal Register) in an appendix filed concurrently with briefing.

[2] Defendants filed a Motion to Dismiss [ECF 42] on July 26, 2024, on grounds of lack of subject matter jurisdiction and improper venue. As stated in the Joint Status report of June 26, 2024 [ECF 34], "any further proceedings on the merits should be deferred until the Court resolves" Defendants' Motion to Dismiss. Pursuant to the Court's Order of July 29, 2024 [ECF 45], Defendants' Motion will be fully briefed after Defendants file their reply on August 5, 2024. Defendants contend that their Motion should be granted because the Court lacks subject matter jurisdiction, and venue in this Division is improper, and if the Court grants Defendants' Motion, no further proceedings in this case would be necessary. Because the Court has ordered expedited briefing on Defendants' Motion, the parties anticipate that the Court may rule on Defendants' Motion quickly. For the sake of efficiency, the parties have agreed to a summary judgment briefing schedule based on the assumption that, should this case continue, Defendants would serve the administrative record, pursuant to the parties' agreement as described above, sufficiently in advance of the first proposed deadline.

    e. The parties are mindful of the Court's stated desire to proceed "with the greatest practicable urgency," Order of June 24, 2024, and have agreed on the above schedule with the aim of allowing for fulsome briefing that will aid the Court as expeditiously as possible while accounting for counsel's litigation obligations in other cases.[3] If the Court deems this schedule for filing dispositive motions unacceptable, then the parties request the opportunity to provide alternative dates.

5) The parties will not designate any expert witnesses.

6) The parties do not propose a deadline for any objections to experts as they will not designate any expert witnesses.

7) The parties do not anticipate discovery because Plaintiffs' claims arise under the APA and are likely to be resolved through cross-motions for summary judgment based on the administrative record compiled by the agency. Plaintiffs reserve the right to address any concerns regarding the administrative record, including by seeking discovery, after reviewing the administrative record and will notify Defendants on or before August 30, 2024 of any concerns. The parties will attempt to resolve any such issues through conferral. Should Plaintiffs decide to seek discovery that is opposed by Defendants, the parties agree that Plaintiffs would file a motion for leave to do so. Defendants would likely oppose any attempt by Plaintiffs to seek discovery but would agree to stay summary judgment proceedings and/or confer regarding a modification of the briefing schedule while any motion by Plaintiff is resolved.

---

[3] Among other things, counsel for Defendants will be on work-related travel August 27-30, 2024; September 4-5, 2024; and October 16-18, 2024, and has two summary judgment motion deadlines in a consolidated case on November 8, 2024 that will require extensive preparation time.

4

8) Discovery is not currently anticipated, so no current limitations on the discovery of electronically-stored information are necessary.

9) The Department has continued to work on preparing a complete administrative record, and Defendants anticipate that the administrative record can be completed and certified by August 16, 2024. Meanwhile, Defendants filed a Motion to Dismiss on July 26, 2024. As stated in the parties' Joint Status Report of June 26, 2024, the threshold issues identified in Defendants' Motion should be resolved before any further proceedings on the merits, but Defendants filed their Motion over a week before Defendants' deadline under Fed. R. Civ. P. 12(a)(2) (which was August 5, 2024), so that such issues may be resolved expeditiously.  The parties propose that Defendants serve the administrative record on Plaintiffs by placing a thumb drive containing the administrative record in FedEx overnight delivery to Plaintiffs, with a courtesy copy to the Court, on or before (1) August 16, 2024, or (2) five calendar days after the Court rules on the Defendants' Motion to Dismiss, whichever is later. Plaintiffs reserve the right to address any concerns regarding the administrative record, including by seeking discovery, after reviewing the administrative record and will proceed as indicated above, in Paragraph 7, should Plaintiffs identify any such concerns.

10) The parties do not have any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.

11) The parties propose that this Court hold a hearing on the cross-motions for summary judgment on December 16, 2024, or during the week of December 16, 2024.  The parties submit that this matter most likely will be resolved on cross-motions for summary judgment and that a trial is not necessary.

12) The parties agree that mediation is not possible.

13) Initial disclosures under Rule 26(a)(1) are not required because an action for review on an administrative record is exempt from initial disclosure under Rule 26(a)(1)(B)(i).

14) The parties do not consent to proceeding before a United States Magistrate Judge.

15) The parties are not requesting a conference with the Court at this time.

16) Plaintiffs reserve the right to address any concerns regarding the administrative record, including by seeking discovery, after reviewing the administrative record and will notify Defendants on or before August 30, 2024 of any concerns. The parties will attempt to resolve any such issues through conferral. Should Plaintiffs decide to seek discovery that is opposed by Defendants, the parties agree that Plaintiffs would file a motion for leave to do so. Defendants would likely oppose any attempt by Plaintiffs to seek discovery but would agree to stay summary judgment proceedings and/or confer regarding a modification of the briefing schedule while any motion by Plaintiff is resolved.

Dated August 1, 2024                                          Respectfully submitted,

/s/   *Cory R. Ford*                                          /s/   *Kathryn L. Wyer*
Melissa Hensley (Texas Bar No. 00792578)   KATHRYN L. WYER (DC Bar No. 90023642)
Cory R. Ford (Texas Bar No. 24121098)      BRIAN M. BOYNTON
Michael C. Elliott (Texas Bar No. 24086913) Principal Deputy Assistant Attorney General
McGuireWoods LLP                           MARCIA BERMAN
2601 Olive Street, Suite 2100              Assistant Director, Federal Programs Branch
Dallas, TX 75201                           U.S. Department of Justice, Civil Division
Telephone: (469) 372-3926                  1100 L Street, N.W., Room 12014
Facsimile: (214) 273-7475                  Tel. (202) 616-8475
cford@mcguirewoods.com                     kathryn.wyer@usdoj.gov
mhensley@mcguirewoods.com
melliott@mcguirewoods.com

**ATTORNEYS FOR DEFENDANTS**

Farnaz Farkish Thompson (pro hac vice)*
John S. Moran (pro hac vice)*
Jonathan Helwink (pro hac vice)*
Stephen Tagert (pro hac vice)*
McGuireWoods LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 828-2817
Facsimile: (202) 828-3327
fthompson@mcguirewoods.com
jmoran@mcguirewoods.com
jhelwink@mcguirewoods.com
stagert@mcguirewoods.com
**Admitted Pro Hac Vice*

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

  This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record, via email, on August 1, 2024, as follows:

KATHRYN L. WYER
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC 20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov

               /s/  *Cory R. Ford*
               Cory R. Ford