UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**360 DEGREE EDUCATION, LLC, ET AL.,**

　Plaintiffs,

v.                                                       No. 4:24-cv-0508-P

**UNITED STATES DEPARTMENT OF EDUCATION, ET AL.,**

　Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendants[1] (the "Department")'s Motion to Dismiss. ECF No. 42. Having considered the Motion, briefs, and applicable law, the Court concludes that the Motion is hereby **DENIED**. Furthermore, the Court **STAYS** all deadlines until further ordered by the Court. In addition, in an effort to manage the Court's docket more efficiently, this case should be, and is hereby, **ADMINISTRATIVELY CLOSED**. The injunction previously entered in this case (ECF No. 30), shall remain in effect. Finally, Plaintiffs'[2] Motion for Order to Show Cause is **DENIED**.

## BACKGROUND

The Court previously analyzed the proposed rule in depth during the Order Granting Preliminary Injunction. ECF No. 30. The Court will therefore limit its discussion of the background facts and procedural history to what is relevant to the instant motion. On July 1, 2024, the Department instituted the so-called "Bare Minimum Rule." The rule

---

[1] The Defendants in this case are the United States Department of Education and Miguel Cardona.

[2] The Plaintiffs in this case are 360 Degree Education, LLC, d/b/a Cortiva Institute ("Cortiva") and The Coalition for Career Schools.

restricted the use of federal student aid to vocational programs that have state-mandated minimum hours for licensure. Relevant here, Texas requires a minimum of 500 hours for licensure as a massage therapist. Plaintiffs (the "Schools") challenged the rule, and the Court enjoined the Department from enforcement and implementation of the Bare Minimum Rule. Now the Department moves to dismiss the challenge for lack of standing. The Motion is ripe for the Court's review.

## LEGAL STANDARD

A Rule 12(b)(1) motion "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. FED. R. CIV. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). A dismissal under Rule 12(b)(1) "is not a determination of the merits," and it "does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.* Accordingly, considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.*

The district court may dismiss for lack of subject matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id.*

2

# ANALYSIS

The Department filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). *See* ECF No. 43. While the Court previously granted a preliminary injunction in this case (ECF No. 30), the Department, raising a new argument, now contends that Plaintiffs lack standing because they are ineligible for Title IV funding under an unchallenged provision. *See* ECF No. 43 at 7. That longstanding provision requires a program to be "legally authorized" by the state for that "education program" to be eligible for benefits. *See* 34 C.F.R. §§ 600.2; 668.8(a). The Department argues that Cortiva—the only Plaintiff with ties to this division—does not have legal authorization from Texas for its program and, thus, it is ineligible for Title IV funding. *See id.* at 11.

## A. The Schools' Standing

Under Article III of the Constitution, a "case" or "controversy" only exists where, among other things, a plaintiff has standing to sue. *United States v. Texas*, 599 U.S. 670 (2023). To show standing, a party must demonstrate that three requirements exist. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). *First*, a party must establish a concrete "injury in fact" that is actual or imminent rather than conjectural or hypothetical. *Id*. *Second*, a causal connection must exist between the injury and the conduct complained of so that the injury is "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Id.*; *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41–42 (1976). *Third*, it must be likely that the requested relief will redress the alleged injury.

As the Court previously explained, the challenged rule, should it go into effect, would result in a concrete injury to Cortiva. *See* ECF No. 30 at 9. However, if Cortiva is ineligible for Title IV funding, it would fail to satisfy the causal and redressability requirements of standing. Consequently, the Parties now ask the Court to interpret a new statute to determine whether Cortiva is currently eligible for Title IV funding regardless of the Bare Minimum Rule.

3

The new statute that the Parties ask the Court to interpret provides that "[a] massage school or a massage therapy instructor may not require the successful completion of more course hours than the number of hours required for licensing as a massage therapist under this chapter." TEX. OCC. CODE ANN. § 455.205(b). The Texas Department of Licensing and Regulation ("TDLR") has set the licensure requirement for massage therapists at 500 hours. The question here is whether the TDLR "approves" of programs that are longer than 500 hours.

In support of its assertion that Cortiva's 600-hour program is not authorized, the Department provides a statement from TDLR's general counsel clarifying that it does not authorize schools to operate programs that are longer than 500 hours. *See* ECF 48 at 34–35 (stating that TDLR "does not 'approve' or 'authorize' a school to offer beyond 500 hours of massage instruction."). This sworn statement appears to be in line with the relevant Texas law regarding program authorizations. However, Cortiva may have a valid argument that its program, which exceeds the statutory maximum, is authorized by the state of Texas. These new arguments leave the Court with three options: (1) decline to interpret how an unchallenged Texas law applies to an unchallenged federal law and proceed with Plaintiffs who may lack standing; (2) usurp the administrative procedures and interpret the interplay of two unchallenged statutes to determine whether Plaintiffs have standing to challenge the Bare Minimum Rule; or (3) stay and administratively close this case pending the resolution of the proper administrative procedures. For the reasons stated below, the Court elects the latter.

The Court declines to choose the first option and ignore the Department's standing arguments. The Department presents a potentially meritorious assertion: Cortiva lacks standing. If the Department is correct and the Court proceeds anyways, it ignores one of the foundational principles of Article III courts. Therefore, for obvious reasons, the Court declines to choose the first way forward.

The Court also declines to choose the second option and skip the administrative process. As pointed out by Plaintiffs in their Response, for the Department to end Cortiva's Title IV funding it must follow the Higher Education Act of 1965, as amended ("HEA"). The HEA provides

4

the Department with two pathways to end an institution's or a program's participation in the Title IV program: (1) Program Reviews; and (2) an action under Subpart G of Part 668 to Title 34 of the Code of Federal Regulations, 34 C.F.R. §§ 668.81 through 668.100. In both cases, schools that are subject to the Department's enforcement actions are provided the opportunity to respond and present evidence and argument for why the Department should not take the proposed action. *See* 2023–2024 Federal Student Aid Handbook, Vol. 2, Ch. 8; 34 C.F.R. § 668.86(b). In addition, institutions that disagreed with the determination made by the Department may request a hearing before the Department's Office of Hearings and Appeals and, if appropriate, an appeal before the Secretary. *See* 34 C.F.R. §§ 668.119(a); 668.91(c)(1). Should Cortiva receive an adverse ruling at both the initial determination and the reconsideration, it may then appeal that ruling to a United States District Court.

For the Court to step in and make a determination regarding whether Cortiva is currently eligible for Title IV funding, it would have to skip all of the aforementioned steps. Additionally, it would require the Court to assume that Cortiva would receive an adverse ruling at both the initial and reconsideration determinations. Consequently, the Court declines to speculate regarding the outcome of administrative determinations and skip administrative procedure.

Because the Court declines to ignore a potentially meritorious standing argument and, likewise, to skip the appropriate administrative procedures, the Court is left with one path forward. The Department stated in their Reply that it would "abstain from initiating [the administrative process] against Cortiva at least until the Court rules" on this Motion. ECF No. 53 at 5. Because the resolution of this matter is essential to the Court's determination of standing, the Court hereby **STAYS** all deadlines until further ordered by the Court. In addition, in an effort to manage the Court's docket more efficiently, this case should be, and is hereby, **ADMINISTRATIVELY CLOSED**. This case may be reopened, without prejudice, upon the motion of either Party after the resolution of the administrative procedures.

It is further **ORDERED** that the Parties shall notify the Court, in writing, if the Department has failed to initiate the appropriate administrative procedures within 90 days of this Order. If the Court receives such notice, the case will be reopened and the Department's arguments regarding standing will be deemed waived as to this issue. Furthermore, if at any point, this case becomes moot, the Parties shall notify the Court, in writing, within seven days of such occurrence.

### B. The School's Motion for Order to Show Cause Is Moot

Having concluded that this case should be stayed and administratively closed pending the resolution of the administrative procedures, Plaintiffs' Motion for Order to Show Cause is **DENIED as moot**.

### CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendants' Motion and **STAYS** all deadlines until further ordered by the Court. In addition, in an effort to manage the Court's docket more efficiently, this case should be, and is hereby, **ADMINISTRATIVELY CLOSED**. This case may be reopened, without prejudice, upon the resolution of the administrative procedures. The injunction previously entered in this case (ECF No. 30), shall remain in effect. Further, Plaintiff's Motion for Order to Show Cause is **DENIED as moot**.

It is further **ORDERED** that the Parties shall notify the Court, in writing, if the Department has failed to initiate the appropriate administrative procedures within 90 days of this Order. If the Court receives such notice, the case will be reopened and the Department's arguments regarding standing will be deemed waived as to this issue. Furthermore, if at any point, this case becomes moot, the Parties shall notify the Court, in writing, within seven days of such occurrence.

**SO ORDERED** on this **6th day** of **September 2024.**

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

7