UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| 360 DEGREE EDUCATION, LLC, d/b/a Cortiva Institute; and THE COALITION FOR CAREER SCHOOLS,<br><br>                              Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF EDUCATION; and SECRETARY MIGUEL A. CARDONA, in his official capacity as Secretary of the Department of Education,<br><br>                              Defendants. | Case No. 4:24-cv-00508-P<br><br>**Notice Regarding Defendants' Failure to Initiate Administrative Procedures** |

**NOTICE REGARDING DEFENDANTS' FAILURE
TO INITIATE ADMINISTRATIVE PROCEDURES**

Pursuant to this Court's September 6, 2024, Memorandum Opinion and Order (ECF No. 57 and hereinafter "Order"), Plaintiffs 360 Degree Education, LLC (hereinafter "Cortiva"), and the Coalition for Career Schools (hereinafter "Coalition") are notifying the Court that Defendants, U.S. Department of Education and U.S. Secretary of Education, have "failed to initiate the appropriate administrative procedures within 90 days" of the Order—that is, on or before yesterday, December 5, 2024. Pursuant to this Court's Order, Defendants have thus waived any objection to Cortiva's standing. *See* Order at 6.

The Department sent Cortiva a letter on December 4, 2024, reiterating its legal position and urging Cortiva to submit a request to reduce the hours of its PMT program. Cortiva will

1

respond to that letter in due course. But as explained herein, the Department's letter does not constitute the initiation of an "appropriate administrative procedure" as contemplated in the Order.

Following the Order, counsel for Plaintiffs contacted counsel for Defendants to discuss how Defendants intended to proceed administratively. Ex. A (Emails of September 16, 2024, and September 25, 2024) at 1–2. Defendants refused to engage on that issue. In the intervening months, however, the Department renewed Cortiva's Program Participation Agreement, determining that Cortiva "meets the minimum requirements of institutional eligibility, administrative capability, and financial responsibility as set forth in 34 C.F.R. Parts 600 and 668." Ex. B (September 27, 2024 Email from Shein Dossa with copy to Shari Mecca). The Department did not raise any concerns about state authorization for Cortiva's 600-hour PMT Program in the PPA renewal process.

Then, on December 4, 2024, the day before this Court's 90-day deadline expired, the Department sent Cortiva a letter, Ex. C, and counsel for Defendants responded to the earlier inquiries by sharing a courtesy copy, Ex. A (Email of December 4, 2024) at 1. The letter reiterates the legal position Defendants raised months ago in this litigation and urges Cortiva to apply by next Friday, December 13, to reduce its hours for the PMT program to 500 hours. That letter does not "initiate" any "administrative procedures." Order at 6. At most, it represents a threat that the Department will initiate such procedures in the future if Cortiva does not submit the requested application. *See* Ex. C at 2 ("Should Cortiva not submit the required application by the deadline, the Department ***will initiate*** an action to terminate the eligibility of the program for Title IV funding. See 34 C.F.R. §§ 600.41(b); 668, Subpart G." (emphasis added)). Cortiva will respond to the substance of the Department's December 4 letter in due course. But for present purposes, the key point is that Defendants have not fulfilled the conditions contemplated by this Court's Order.

Federal regulation prescribes that "[a] designated department official begins a limitation or termination proceeding by sending an institution . . . a notice by certified mail," which must meet several requirements. 34 C.F.R. § 668.86(b)(1). The December 4 letter does not constitute a "notice" within the meaning of § 668.86(b)(1). It was sent by email, not by certified mail. And it does not "specif[y] the proposed effective date of the limitation or termination, which is at least 20 days after the date of mailing of the notice of intent," nor "inform[] the institution . . . that the limitation or termination will not be effective on the date specified in the notice if the designated department official receives from the institution . . . by that date a request for a hearing or written material indicating why the limitation or termination should not take place." *Id*.

If anything, the December 4 letter is an effort to *avoid* the "standard administrative process [that] . . . would afford Cortiva a full opportunity to raise any applicable defenses and obtain judicial review of the final result," Defs' Br. in Opp'n to Pls' Mot. for Order to Show Cause (ECF No. 55) at 3, by getting Cortiva to agree with the Department's position voluntarily. The Court should not condone the Department's attempt to circumvent the very administrative procedures that it represented to this Court that it must follow.

The Court should therefore reject the Defendants' challenge to Cortiva's standing, as it indicated it would. *See* Order at 6. Plaintiffs respectfully submit, however, that rather than reopening the case, the Court should keep it administratively stayed for a separate reason: the impending change in Presidential Administration. On January 20, 2025, a new Presidential Administration will assume responsibility over the Department. There is a strong possibility that the new Administration will have different positions from the current Administration on both the merits of the Bare Minimum Rule and on this state-authorization issue. It is well-established that a new Administration is entitled to make changes in policy and regulations. *See, e.g.*, *Federal*

3

*Communications Commission v. Fox*, 556 U.S. 502 (2009). It would best preserve judicial and party resources to keep this case administratively stayed through the Presidential Transition to determine the positions of the new Administration before proceeding to summary judgment—which cannot effectively be briefed, argued, and decided before January 20, 2025, in any event. Plaintiffs respectfully propose that the Court keep the case administratively stayed and direct the parties to submit a status report on April 15, 2025, unless they determine at an earlier date that the case has become moot.

Plaintiffs also submit that it would be appropriate for the Court to direct the Department not to proceed with any administrative proceedings against Cortiva or any member of the Coalition until April 15, 2025. The Department was already content to forgo an administrative proceeding during the 90-day period following the Order and likewise refrained from initiating a proceeding in the months prior after it first raised this issue. The Department can certainly wait a little longer to ensure that it initiates an administrative proceeding only if it is supported by the new Administration which will see it through.[1]

Dated: December 6, 2024              Respectfully submitted,

/s/ Melissa M. Hensley
Melissa M. Hensley (Texas Bar No. 00792578)
Cory R. Ford (Texas Bar No. 24121098)
Michael C. Elliott (Texas Bar No. 24086916)
MCGUIREWOODS LLP
2601 Olive Street, Suite 2100
Dallas, TX 75201
Telephone: (469) 372-3926
Facsimile: (214) 273-7475
cford@mcguirewoods.com
mhensley@mcguirewoods.com
melliott@mcguirewoods.com

---

[1] Counsel for Plaintiffs raised this proposal with counsel for Defendants earlier today to determine their position on the approach, but has not received a response in the brief intervening period. If Plaintiffs do determine Defendants' position, they will update the Court or ensure that Defendants themselves do so.

Farnaz Farkish Thompson (*pro hac vice*)
John S. Moran (*pro hac vice*)
Jonathan Helwink (*pro hac vice*)
Stephen Tagert (*pro hac vice*)
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 828-2817
Facsimile: (202) 828-3327
fthompson@mcguirewoods.com
jmoran@mcguirewoods.com
jhelwink@mcguirewoods.com
stagert@mcguirewoods.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record, via email, on December 6, 2024, as follows:

KATHRYN L. WYER
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC 20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov

                                          /s/    *Melissa M. Hensley*
                                          Melissa M. Hensley