IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| 360 DEGREE EDUCATION, LLC *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> *Defendants*. | No. 4:24-cv-00508-P |

**DEFENDANTS' OBJECTION AND RESPONSE TO PLAINTIFFS' NOTICE REGARDING DEFENDANTS' [SUPPOSED] FAILURE TO INITIATE ADMINISTRATIVE PROCEDURES**

Defendants hereby respectfully submit this objection and response to Plaintiffs' Notice Regarding Defendants' Failure to Initiate Administrative Procedures.

First, Defendants object to Plaintiffs' unilateral filing that was submitted without meaningfully conferring with Defendants and without waiting for Defendants' response to Plaintiffs' email sent less than four hours before their filing. The Court's Order of September 6, 2024 states that "the Parties" "shall notify the Court, in writing, if the Department has failed to initiate the appropriate administrative procedures within 90 days of this Order." Order of Sept. 6, 2024 [ECF 57] at 6. This language suggests that any filing to the Court should have been a joint filing, and if the parties disagreed, their positions should have been separately set forth in a single filing. Instead, Plaintiffs chose not only to announce by email their intent to file a notice unilaterally at some unidentified point later the same day, but also to proceed to file that notice less than four hours later without waiting for Defendants' response.

Second, Defendants disagree with Plaintiffs' assertion that the Department has failed to initiate "the appropriate administrative procedures within 90 days" of the Court's September 6, 2024 Order. As Plaintiffs concede, the Department sent a letter to Cortiva dated December 4, 2024, stating that "the first step in the Department's enforcement process is to notify the institution of the issue and provide the institution an opportunity to remedy the situation." The Department took that first step, after completing necessary internal procedures, when it sent the letter to Cortiva on December 4, 2024. The Department's letter further notifies Cortiva that it must submit an application for approval of a 500-clock hour program no later than December 13, 2024, and states that, if Cortiva fails to do so, the Department will proceed with the next step in its enforcement process—the initiation of a formal action to terminate the program's eligibility under Subpart G. The Department therefore has initiated "appropriate administrative procedures," as described in the Court's September 6, 2024 Order, before December 5, 2024 and has not waived its standing objection in this case.[1]

Plaintiffs allege that the Department has not complied with the notice procedure identified in 34 C.F.R. § 668.86(b)(1), which is part of Subpart G. However, the Department's letter explains that it will initiate Subpart G proceedings as the next step, after the initial step of providing Cortiva an opportunity to cure its violation. The Court's Order of September 6, 2024 did not specify that the Department must initiate Subpart G proceedings within 90 days; rather, it indicated that "appropriate administrative procedures" should be underway, and the Department initiated such

---

[1] The Department has been working on this issue since the Court's Order of September 6, 2024. However, before sending out the letter to Cortiva, the Department wished to ensure it understood the full scope of the issue regarding state authorization of massage therapy programs in Texas. The Department therefore ran certain data inquiries in its systems but encountered technical difficulties in doing so, which caused some delay, and the need to analyze a voluminous amount of data and obtain additional information from the state licensing agency, TDLR, took further time. However, the Department was able to complete this internal process and undertake the first step of its administrative process before December 5, 2024.

procedures through its letter. To the extent Cortiva wishes to contest the procedural validity of the manner in which the Department has initiated an administrative action, it should first do so before the agency rather than inviting this Court to deem the Department's administrative procedures "inappropriate." Defendants understand that the Court wished to ensure that the Department does in fact intend to enforce the Title IV programmatic state authorization requirement, and the Department's letter clearly indicates that such administrative action is now underway.

Plaintiffs point out that, on September 27, 2024, the Department approved recertification of a Program Participation Agreement for a group of schools that includes the school where Cortiva's Texas Massage Therapy Program is offered. However, that process is entirely separate from the administrative process now underway in connection with the ineligibility of Cortiva's Massage Therapy Program. Indeed, it would have been inappropriate for the Department to delay recertification of an entire group of schools based solely on the ineligibility of a single program. At the time of recertification, the Department knew that Cortiva was well aware of the issue regarding its Texas Massage Therapy Program because it had been raised in the course of this litigation, and the Department in no way signaled that it would fail to proceed to enforce the state authorization requirement for that program. Rather, since the Court's Order of September 6, 2024, the Department has been proceeding with the necessary internal steps so that it could initiate an administrative enforcement action against Cortiva in regard to its Texas Massage Therapy Program as soon as possible. The Department then issued the December 4, 2024 letter as the official initiation of that administrative process.

Defendants therefore ask the Court to disregard Plaintiffs' Notice filing and to decline Plaintiffs' invitation to deem Cortiva's standing waived. Defendants also ask the Court to deny Plaintiffs' request to prohibit the Department from proceeding with the administrative action that

it has now initiated—a request that they inappropriately include at the end of their Notice (which is not a motion), and regarding which they failed to confer with Defendants at all. Even aside from its procedural flaws, Plaintiffs' request should be rejected. Such a step is unwarranted, particularly when the Department's enforcement of a programmatic eligibility requirement based on state authorization has nothing to do with the merits of this case, which involves an entirely separate regulatory requirement. Rather, whether Cortiva's Massage Therapy Program is already Title IV ineligible, for a separate reason not bearing on the merits of this case, relates only to Cortiva's standing to challenge the requirement that *is* at issue.[2] But even if the Court deemed Defendants' challenge to Cortiva's standing waived for purposes of this litigation, there would be no basis for the Court to intervene in the Department's administrative processes in connection with a Title IV requirement not at issue in this case. The Court should not entertain Plaintiffs' wholly inappropriate request.

DATED:  December 6, 2024  Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER (DC Bar #90023642)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendants*

---

[2] As Defendants have previously explained in briefing in support of their Motion to Dismiss, Cortiva's Texas Massage Therapy Program is Title IV ineligible now. *See, e.g.*, Def. MTD Reply [ECF 53], at 1, 5 (citing 34 C.F.R. § 600.40(d)(1)). Moreover, the burden to establish standing is Plaintiffs'.