UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

360 DEGREE EDUCATION, LLC,
d/b/a Cortiva Institute; and THE COALITION
FOR CAREER SCHOOLS,

                     Plaintiffs,

v.

DEPARTMENT OF EDUCATION; and
SECRETARY MIGUEL A. CARDONA, in his
official capacity as Secretary of the Department
of Education,

                     Defendants.

Case No. 4:24-cv-00508-P

**Notice of Response to the Department's Notice of Further Administrative Action**

**NOTICE OF RESPONSE TO THE DEPARTMENT'S
NOTICE OF FURTHER ADMINISTRATIVE ACTION**

On January 10, 2025, the U.S. Department of Education and U.S. Secretary of Education initiated the administrative procedures that this Court required them to initiate by December 5, 2024, to attempt to preserve their argument regarding Plaintiff Cortiva Institute's standing. Ex. A. Pursuant to this Court's September 6, 2024, Memorandum Opinion and Order (ECF No. 57 and hereinafter "Order"), Defendants have thus waived any objection to Cortiva's standing. *See* Order at 6.

The Department sent Cortiva a letter on December 4, 2024, urging Cortiva to submit a request to reduce the hours of its PMT program, and Cortiva responded by December 13, 2024. Ex. B. The Department's December 4, 2024, letter does not initiate an "appropriate administrative procedure" as contemplated in the Order or as required under the Department's own regulations, specifically 34 C.F.R. § 668.86(b)(1). At most, the December 4, 2024, letter restates the

1

Department's position articulated in its Brief in Support of its Motion to Dismiss in this case. ECF No. 43. The Department's January 10, 2025, letter, however, appears to follow the prescribed procedure in federal regulation to initiate a termination proceeding. Ex. A.

This new action—taken more than one month after the Court's December 5 deadline, and mere days before this Court set a hearing on the Department's failure to meet the deadline—only confirms that the Department failed to follow the Court's September 6, 2024 Order by failing to take the necessary steps in the time allowed by the Court for the Department to preserve its standing objection.

The January 10, 2025, letter appears to follow the process to initiate an administrative procedure under 34 C.F.R. § 668.86(b)(1). The Department's regulation requires that "[a] designated department official begins a limitation or termination proceeding by sending an institution . . . a notice by certified mail," which must meet several requirements. 34 C.F.R. § 668.86(b)(1); Ex. A. The Department's January 10, 2025, email states that the Department sent the original letter "via UPS" in addition to the electronic copy, and Plaintiffs will soon know whether the Department sent this letter by certified mail. Ex. A. The January 10, 2025, letter, attached to the email, "specifies the proposed effective date of the limitation or termination, which is at least 20 days after the date of mailing of the notice of intent," and "informs the institution . . . that the limitation or termination will not be effective on the date specified in the notice if the designated department official receives from the institution . . . by that date a request for a hearing or written material indicating why the limitation or termination should not take place." 34 C.F.R. § 668.86(b)(1); Ex. A. The January 10, 2025, letter states that Plaintiff Cortiva Institute has 20 days or until January 30, 2025, to either submit: "1) a request for a hearing to be conducted by the Office of Hearings and Appeals; or 2) a request for reconsideration of the termination submitting

written material indicating why the termination should not take place." Ex. A; *see* 34 C.F.R. § 668.86(b)(1).

Thus, the Department's January 10, 2025, letter admits that the Department ignored this Court's Order by failing to initiate the appropriate administrative procedures by December 5, 2024, or within the 90-day period ordered by this Court. If the Defendants needed additional time to initiate such an administrative procedure, they could have requested additional time. They did not. Defendants also have not evenhandedly approached enforcement as there are still schools in Texas that offer massage therapy program exceeding 500 hours.[1]

This Court should honor its Order and rule that Defendants effectively have waived their challenge to Cortiva's standing. *See* Order at 6. Due to the change in Presidential Administration, Plaintiffs have requested that this Court stay both this lawsuit and the Defendants' administrative proceeding against Plaintiff Cortiva Institute until, at least, April 15, 2025. The Department waited until January 10, 2025, to actually initiate an administrative proceeding and can certainly wait a little longer to ensure that the new Administration interprets state authorization requirements in the same novel manner. Should this Court not stay the Defendants' administrative proceeding, Plaintiffs respectfully request the opportunity to proceed to pursue a permanent injunction against the Bare Minimum Rule.[2]

---

[1] Although Defendants claim that only four (4) schools appear to have violated their novel interpretation of state authorization requirements and that these schools voluntarily have agreed to reduce the length of their massage therapy programs, there are still massage therapy programs in Texas that exceed 500 hours. *See e.g.*, El Paso Community College, Massage Therapy Program Description ("The 525-hour continuing education Massage Therapy Program prepares individuals to successfully qualify for licensure through the Texas Department of Licensing and Regulation."), https://www.epcc.edu/Academics/Catalog/program-map?programID=1052; McLennan Community College, Massage Therapy Program, Program Information ("The MCC Massage Therapy program is 600 hours over one semester."), https://www.mclennan.edu/cosmetology/massage-therapy.html.

[2] Plaintiffs previously requested that the Court keep the case stayed until at least April 15 based on the change in Administration. (ECF No. 58.) If the Court stays the Department's administrative proceeding against Cortiva to preserve the *status quo*, then that remains a sensible path. If, however, the Court does not stay the Department's administrative proceeding against Cortiva, then it would be inequitable to keep this case stayed any longer. In that case, the Court should lift the stay and allow the parties to proceed towards a final judgment on the merits.

Dated: January 11, 2024

Respectfully submitted,

/s/ *J. Stephen Tagert*
Melissa M. Hensley (Texas Bar No. 00792578)
Cory R. Ford (Texas Bar No. 24121098)
Michael C. Elliott (Texas Bar No. 24086916)
MCGUIREWOODS LLP
2601 Olive Street, Suite 2100
Dallas, TX 75201
Telephone: (469) 372-3926
Facsimile: (214) 273-7475
cford@mcguirewoods.com
mhensley@mcguirewoods.com
melliott@mcguirewoods.com

Farnaz Farkish Thompson (pro hac vice)
John S. Moran (pro hac vice)
Jonathan Helwink (pro hac vice)
Stephen Tagert (pro hac vice)
MCGUIREWOODS LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 828-2817
Facsimile: (202) 828-3327
fthompson@mcguirewoods.com
jmoran@mcguirewoods.com
jhelwink@mcguirewoods.com
stagert@mcguirewoods.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record, via email, on January 11, 2025, as follows:

KATHRYN L. WYER
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC 20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov

                                                          /s/ *J. Stephen Tagert*
                                                          J. Stephen Tagert (pro hac vice)