# EXHIBIT B

**CORTIVA INSTITUTE**

December 13, 2024

*Via Electronic Mail Only*

Michael Frola
Division Chief
Multi-Regional and Foreign Schools Participation Division
Federal Student Aid
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202
michael.frola@ed.gov

      RE:    Response on Behalf of Cortiva Institute to Department's December 4, 2024 Letter Regarding the Professional Massage Therapy Program
             OPEID: 02279600

Dear Mr. Frola:

      I write to you on behalf of the Cortiva Institute ("Cortiva") in response to the U.S. Department of Education's December 4, 2024 letter (the "Letter") asserting that, "[i]n order to come into compliance with Title IV requirements, Cortiva must reduce its Massage Therapy Program to 500 clock hours." Contrary to the assertions in your Letter, Cortiva's 600-hour Professional Massage Therapy Program ("PMT Program") is eligible for funding under the Higher Education Act of 1965, as amended ("HEA"), and Title IV of the HEA ("Title IV")—particularly in light of the nationwide injunction against enforcement or implementation of the Department's recent amendments to the long-standing 150% Rule. *See 360 Degree Educ., LLC v. U.S. Dep't of Educ.*, No. 4:24-cv-00508, ECF 30 (N.D. Tex. June 21, 2024). The Department has no reasonable basis or authority to demand that Cortiva reduce the hours for its PMT Program. The Letter restates the Department's legal position previously expressed and disputed in the regulatory litigation. But as the Department already knows, Cortiva disagrees with that legal position and believes that it is inconsistent with Texas law and long-standing Department practice.

      The Department contends that the PMT Program is not legally authorized in Texas, citing 34 C.F.R. §§ 600.2 and 668.8. To the contrary, under 20 U.S.C. § 1001(a)(2), Cortiva "is legally authorized within [Texas] to provide a program of education beyond secondary education," including its PMT Program. Indeed, as the Department is well aware, the General Counsel of the Texas Department of Licensing and Regulation ("TDLR") has affirmatively stated that the PMT Program is a legally authorized program in the State of Texas. This PMT Program consists of 24 credit hours or 600 instructional clock hours, which is within 150% of the minimum 500 hours for licensure as a massage therapist in Texas.

   The Department's interpretation and application of the state authorization requirement reflected in the Letter is simply unfair. First, it is contrary to the law and the facts. The HEA requires a school to be authorized by state law but does not require affirmative and specific state authorization of particular programs. And the HEA certainly does not require a state to approve each and every hour of a particular program. The Department's new, stricter interpretation of the state authorization requirement reflects a departure from long-standing agency practice. Its application here also conflicts with Texas's own statutory regime and the manner in which Texas itself interprets and applies that regime. Second, the Department's proceeding with an administrative action against Cortiva creates the strong appearance of unconstitutional retaliation for Cortiva's role in successfully challenging the agency's amendments to the 150% Rule. I recognize that the Department is never going to admit that it is retaliating against Cortiva and may have what it feels are good arguments why it is not doing so here. But in any event, the circumstances and timing of this case creates that strong impression, which is another reason for the Department not to proceed as it has proposed to do.

   We, therefore, respectfully decline to reduce our 600 hour program to 500 hours and submit that the Department should not pursue any administrative action against Cortiva based on its 600-hour PMT program. At a minimum, however, the Department should forebear from taking any such action until the new Presidential Administration has taken office and had an opportunity to determine its position on these issues. We hope the Department appreciates that there is at least a reasonable basis for disagreement on these legal issues. The new Administration may see the matter differently. If, however, the Department believes it is necessary to initiate a Subpart G proceeding, then it should afford Cortiva a full and fair opportunity to challenge the Department's position without an undue burden—which is what the Department represented to the court in *360 Degree Educ., LLC v. U.S. Dep't of Educ.*, No. 4:24-cv-00508 (June 21, 2024), that it would provide. We therefore ask that, if the Department elects to initiate a proceeding, it provide Cortiva with the formal notice contemplated by 34 C.F.R. § 668.86(b)(1).

   We hope that the Department recognizes that there is a good-faith basis for reasonable minds to disagree and that it would be unfair and unwarranted for the Department to take an enforcement action against Cortiva under the circumstances. Thank you for your consideration in this matter.

Very Truly Yours,

Neal R. Heller
C.E.O. and President
Cortiva Institute


cc: Nicole Vitez, Director of Compliance, Cortiva Institute
   Rene Lezcano, Vice President of Campus Operations, Cortiva Institute