IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| 360 DEGREE EDUCATION, LLC *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF EDUCATION, *et al.*, <br><br> *Defendants*. | No. 4:24-cv-00508-P |

**JOINT STATUS REPORT**

The parties submit this Joint Status Report to update the Court regarding recent developments while requesting that this case remain stayed.

1. By Memorandum Opinion and Order of September 6, 2024, the Court stayed all deadlines and administratively closed this case, while leaving the injunction previously entered [ECF 30] in effect. *See* Mem. Op. [ECF 57] at 6. The Court did so with the understanding that defendant the U.S. Department of Education (the "Department" or "Defendant") intended to initiate an administrative action against plaintiff 360 Degree Education, LLC ("Cortiva"). *See id.* On December 4, 2024, the Department sent Cortiva a letter, and on January 10, 2025, the Department sent Cortiva a further letter informing it of the Department's intent to terminate the Title IV eligibility of Cortiva-Arlington's massage therapy program. *See* Def. Notice [ECF 65] at 1-2. On January 14, 2025, the Court held a status conference and ordered that the case remain stayed and administratively closed pending the resolution of the administrative procedures. Order of Jan. 14, 2025 [ECF 67]. The preliminary injunction issued by the Court on June 21, 2024, enjoining enforcement of the challenged rule, remains in effect. *See* Mem. Op. [ECF 57] at 6.

2. On January 20, 2025, a new Administration took office. As a result, the Department has undergone numerous changes and is contemplating further changes. On May 12, 2025, following internal deliberations and discussion between Department officials and Plaintiffs' counsel, the Department's Federal Student Aid office withdrew its termination action against Cortiva. Accordingly, on May 19, 2025, the Department's Office of Hearings and Appeals dismissed with prejudice Cortiva's appeal of the Department's termination decision. *See* Exhibit A, attached hereto. Thus, there are currently no pending administrative enforcement actions relevant to this case.

3. The Department has recently reported, in a filing in another pending case challenging the same rule, its intent to reconsider the challenged program length rule in negotiated rulemaking (an administrative rulemaking process pursuant to the Higher Education Act) later this year. *See* JSR [ECF 34], *Am. Massage Therapy Ass'n* ("*AMTA*") *v. U.S. Dep't of Educ.*, No. 24-cv-1670 (D.D.C. filed July 21, 2025). The parties in that case agreed that proceedings should remain stayed pending the Department's anticipated rulemaking. *See id.* The court in that case also agreed and ordered that proceedings shall remain stayed until January 21, 2026. *See AMTA* Minute Order of July 22, 2025.

4. The parties in this case have likewise conferred and agree that continuing the stay in this case, pending the anticipated rulemaking, would conserve the parties' resources and promote judicial economy. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The anticipated negotiated rulemaking process may result either in a rule change by consensus or a rulemaking process through the Administrative Procedure Act's notice and comment procedures.

In any event, a revision or rescission of the challenged rule would moot this case and make any further proceedings unnecessary. *Cf. Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case").

Accordingly, the parties request that the Court maintain the current stay, and keep this case administratively closed, pending resolution of the Department's anticipated rulemaking procedures. The parties propose that they will submit a joint status report within 30 days of the conclusion of such procedures, stating their position regarding what further proceedings, if any, would be appropriate.

DATED: August 13, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

MICHELLE BENNETT
Assistant Director, Federal Programs Branch

/s/ Kathryn L. Wyer
KATHRYN L. WYER (D.C. Bar #90023642)
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Counsel for Defendants*

/s/
Melissa Hensley (Texas Bar No. 00792578)
Cory R. Ford (Texas Bar No. 24121098)
Michael C. Elliott (Texas Bar No. 24086913)
McGuireWoods LLP
2601 Olive Street, Suite 2100
Dallas, TX 75201
Telephone: (469) 372-3926

Facsimile: (214) 273-7475
cford@mcguirewoods.com
mhensley@mcguirewoods.com
melliott@mcguirewoods.com

Farnaz Farkish Thompson (D.C. Bar No. 1659285)*
John S. Moran (D.C. Bar No. 1014598)*
Jonathan Helwink (D.C. Bar No. 1754411)*
Stephen Tagert (Virginia Bar No. 99641)*
McGuireWoods LLP
888 16th Street NW, Suite 500
Black Lives Matter Plaza
Washington, DC 20006
Telephone: (202) 828-2817
Facsimile: (202) 828-3327
fthompson@mcguirewoods.com
jmoran@mcguirewoods.com
jhelwink@mcguirewoods.com
stagert@mcguirewoods.com

**Admitted Pro Hac Vice*

*Counsel for Plaintiffs*

4